# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MICHAEL FARNUM, | )<br>) |
| Petitioner, | )   2:13-CV-1304-APG-PAL |
| vs. | )<br>)   **ORDER** |
| ROBERT LEGRAND, *et al.*, | )<br>) |
| Respondents. | )<br>/ |

In this action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, respondents move to disqualify counsel for petitioner (ECF No. 10), and for an enlargement of time to file their response to the petition (ECF No. 11); respondents seek an extension until 45 days after the Court's decision on the motion to disqualify counsel. Petitioner has opposed the motion to disqualify (ECF No. 12) and respondents have replied (ECF No. 13).

The motion for extended time will be granted. Respondents are granted 45 days additional time from entry of a decision on the motion to disqualify.

Respondents argue that counsel for petitioner suffers from a concurrent conflict of interest in his representation of petitioner under the United States Supreme Court holding of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), because he acted as counsel in the state post-conviction proceedings. Under the holding of *Martinez*, failure of a court to appoint counsel, or the ineffective assistance of counsel, in a state post-conviction proceeding may establish cause to overcome a procedural default in

specific, narrowly-defined circumstances. Although reaffirming the general holding of *Coleman*, "that an attorney's *negligence* in a postconviction proceedings does not establish cause" in all *other* circumstances, the United States Supreme Court determined that a narrowly carved exception - an equitable rule - must be established. *Martinez*, 132 S.Ct. at 1320 (quoting *Coleman*, 501 U.S. at 753) (emphasis added).

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S.Ct. at 1320. To allow application of the *Martinez* rule, a reviewing court must determine (1) whether the petitioner's attorney in the first collateral proceeding, if counsel was appointed, was ineffective under *Strickland v. Washington*, 466 U.S. 668 687, 104 S.Ct. 2052 (1984), (2) whether the petitioner's claim of ineffective assistance of trial counsel is "substantial," and (3) whether there is prejudice. *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012), citing *Martinez*, 132 S.Ct. at 1321.

The gist of respondents' argument is that, because counsel in these proceedings also represented petitioner in the state post-conviction proceedings, and because there may be claims of ineffective assistance of counsel that are procedurally defaulted, it would be impossible or impractical or improper to ask counsel to review his own work and then fault himself for his performance in the state review in order to effectively argue cause and prejudice to overcome the hypothetical procedural default.

Petitioner opposes the motion, arguing great prejudice if counsel is required to withdraw and suggesting that respondents' motion seeks to improperly enlarge the narrow exception *Martinez* affords to the rule that there is no right to counsel on post-conviction collateral review. Petitioner

2

does not advise the Court of his willingness to waive any conflict that may arise in these circumstances.

In *Wheat v. United States*, 486 U.S. 153, 108 S.Ct. 1692 (1988), a case relied upon by respondents to support their motion to disqualify, the United States Supreme Court considered whether to accept a waiver of a conflict of interest in the criminal proceedings where the defendant sought to be represented by his co-defendant's counsel. In those circumstances, the United States Supreme Court held that the Sixth Amendment's guarantee of counsel did not require that a defendant be permitted the counsel of his choice in all circumstances and that the district court was allowed "substantial latitude" in refusing waivers of conflicts of interest. The Supreme Court noted that later claims of ineffective representation provided good justification to deny the defendant his counsel of choice. *Id.* at 161. The Court said:

> [T]rial courts confronted with multiple representations face the prospect of being "whip-sawed" by assertions of error no matter which way they rule. If a district court agrees to the multiple representation, and the advocacy of counsel is thereafter impaired as a result, the defendant may well claim that he did not receive effective assistance. On the other hand, a district court's refusal to accede to the multiple representation may result in a challenge such as petitioner's in this case.

*Id.* at 161-62, 108 S.Ct. 1692 (citations omitted). The Court went on to note that waivers of such conflicts were not necessarily effective, given appellate courts' willingness to entertain claims of ineffective representation despite the presence of a waiver. *Id.* at 162. Thus, where there exists an actual conflict of interest, it is within the court's discretion to decline the waiver of conflict and require conflict-free counsel.

However, the circumstances in *Wheat* are not identical to those before this Court. There is no constitutional right to counsel in non-capital federal habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). If there is no constitutional right to counsel in non-capital federal habeas corpus proceedings, there can be no

3

secondary right to conflict-free counsel in such proceedings. As a result, in circumstances such as are present here, a petitioner may be able to waive any conflict of interest perceived to exist as to representation by counsel. Notably, under *Martinez* the only way a conflict of interest of the type anticipated by respondents may come into play is if the underlying ineffective assistance of counsel claim is "substantial," i.e., one that likely would obtain the petitioner relief. *Lopez v. Ryan*, 678 F.3d 1131, 1133 (9th Cir. 2012).

Respondents' motion requires the Court to balance the interests of judicial economy and finality with the potential for prejudice to the petitioner. *See Wheat*, 486 U.S. at 163. This balancing requires an answer to the question: Will it be more burdensome to the court and to the parties if a later-arising conflict of interest requires that counsel be replaced and the proceedings reset with an amended petition than it will be to the petitioner who has engaged the counsel of his choice using his own funds; counsel who is presently well-informed and familiar with the underlying proceedings so as to present petitioner's claims in an effective, persuasive and timely manner and who has already performed the work of preparing and filing the petition in this action?

Therefore, before the motion to disqualify will be decided the Court will require two things. First, respondents will be required to identify those claims which they argue are or may be procedurally defaulted. Respondents shall have thirty days to file a Notice with the Court specifically identifying those claims of ineffective assistance of counsel believed to be procedurally defaulted, and explaining why they would argue for such default. Petitioner will be given thirty days thereafter to refute respondents' assertions.

Second, if petitioner John Michael Farnum wishes to proceed in this federal habeas corpus action with Michael H. Schwarz as his counsel, then petitioner must file a waiver of any actual or potential conflict as to Schwarz, as specifically applied to this federal habeas corpus proceeding and any purportedly defaulted claims of ineffective assistance of state trial or appellate counsel. Petitioner should consult with independent, outside counsel as to the advisability and propriety of the

4

proposed waiver, rather than simply rely on the advice of Schwartz regarding the waiver.[1] The waiver must forever waive petitioner's right to raise a conflict of interest with Schwarz as a basis for relief in any and all forms as to any procedurally-defaulted claims. The waiver will not be considered to apply to any conflicts not related to purportedly defaulted claims of ineffective assistance of counsel as addressed in *Martinez*. The waiver also shall point out that petitioner had the opportunity to consult with independent counsel before signing it.

The waiver shall be filed with the Court by petitioner's counsel of record, Michael H. Schwarz, but the waiver must be signed by petitioner himself. If petitioner intends to waive such conflicts regarding Schwarz in this federal habeas corpus proceeding, the waiver shall be filed in conjunction with petitioner's response to respondents' identification of any defaulted claims.

**IT IS THEREFORE ORDERED** that the motion for enlargement of time (ECF No. 11) is **GRANTED**. The response to the petition shall be filed within forty-five days of entry of the order deciding the pending motion to disqualify.

**IT IS FURTHER ORDERED** that respondents shall have thirty days from entry of this Order to specifically identify those claims that are purported to be procedurally defaulted. Thereafter, petitioner shall have thirty days to rebut the assertion through citation to the state record, and to file a waiver of any present or potential conflict of interest with counsel as set forth herein. Failure to provide such a waiver will be considered a concession to granting the motion to disqualify. However, providing a waiver of conflict will not necessarily result in a denial of the motion to disqualify.

Dated this 9th day of October, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Without ruling on this issue, Schwartz may be ethically barred from advising on this issue. *See* Nevada Rule of Professional Conduct 1.8(h).

5