# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN MICHAEL FARNUM

    Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 2:13-cv-01304-APG-PAL

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1), respondents' motion to dismiss (#27), petitioner's opposition (#30), and respondents' reply (#31). The court finds that petitioner has not exhausted some of his claims for relief, and the court grants the motion in part.

After a jury trial in state court and a post-verdict motion for acquittal, petitioner was convicted of twelve counts of sexual assault with a minor under fourteen years of age, four counts of lewdness with a child under the age of fourteen, and one count of attempted lewdness with a child under the age of fourteen. Ex. 51 (#18). Petitioner appealed. The Nevada Supreme Court determined that petitioner should have been acquitted on two counts of sexual assault and three counts of lewdness; the Nevada Supreme Court rejected petitioner's other contentions. Ex. 72 (#19). On April 20, 2007, the state district court then entered an amended judgment of conviction. Ex. 76 (#19). Petitioner now is convicted of ten counts of sexual assault with a minor under fourteen years of age, one counts of lewdness with a child under the age of 14, and one count of attempted lewdness with a child under the age of fourteen. Petitioner did not appeal the amended

judgment of conviction, and it became final with the expiration of the time to appeal on May 21, 2007.

On April 14, 2008, 329 days later, petitioner filed in state district court points and authorities in support of a petition for a writ of habeas corpus. Ex. 78 (#19). The actual post-conviction habeas corpus petition was filed on April 17, 2008. Ex. 80 (#20). The state district court denied the petition. Ex. 91 (#20). Petitioner appealed. The Nevada Supreme Court remanded for an evidentiary hearing on petitioner's claims that trial counsel provided ineffective assistance because trial counsel failed to investigate the case and failed to present a defense at trial. Ex. 119 (#21). The state district court held an evidentiary hearing. Ex. 128 (#22). It denied the petition again. Ex. 130 (#22). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 149 (#22). Remittitur issued on February 11, 2013. Ex. 151 (#22).

On July 23, 2013, 162 days later, petitioner filed his federal habeas corpus petition pursuant to 28 U.S.C. § 2254 (#1) in this court. The motion to dismiss followed.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles,

such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Respondents argue that petitioner has not presented 8 issues of ineffective assistance of counsel to the state courts. The court will refer to these issues as issues 1 through 8. Petitioner agrees that he has not presented one issue, a claim of ineffective assistance of appellate counsel, but disputes at least six of the seven other issues. Petitioner writes:

> The Respondent's argument is, by its very nature, dilatory and attempts to marginalize the arguments of the Petitioner through the labeling of issues. These alleged labels are nothing more than an organizational tool for the Petitioner's thought processes. All in all, the issues presented all fall under the same penumbra of ineffective assistance of counsel, by and through the various means that it was committed.

Opposition, at 2 (#30). Petitioner is incorrect. As respondents note, a claim of ineffective assistance of counsel is not fungible, and it is very dependent upon the facts alleged. See Hemmerle v. Schriro, 495 F.3d 1069, 1075-76 (9th Cir. 2007). "[N]ew factual allegations do not render a claim unexhausted unless they 'fundamentally alter the legal claim already considered by the state courts.'" Chacon v. Wood, 36 F.3d 1459, 1468 (quoting Vasquez v. Hillery, 474 U.S. 254, 260 (1986)). The new facts alleged in the federal petition have fundamentally altered many of the issues that respondents challenge.

Issue 1 is a claim that appellate counsel provided ineffective assistance by raising a "specious" Eighth Amendment claim on direct appeal. Petitioner concedes that it is not exhausted. Opposition, at 3-4 (#30).

Issue 2 is a claim that trial counsel was operating under a conflict of interest because trial counsel previously had represented Bob Farnum, petitioner's father, on charges of sexual offenses. Petitioner disagrees that he has presented a distinct claim of ineffective assistance based upon a conflict of interest, but he waives any such claim. Opposition, at 4-5 (#30).

Issue 3 is a claim that trial counsel failed to rehabilitate the sole defense witness, Lynn Raleigh. Both petitioner and respondents point to the same part of the appellate brief in the second state habeas corpus appeal, Ex. 145, at 38-40 (#22). The court is not persuaded by respondents' argument that this was a passing reference. Trial counsel had called Raleigh, who testified to her knowledge of the mother of the victim and her opinion that the mother was not a truthful person.

1  On cross-examination, Raleigh testified that she was petitioner's sister in law.  On redirect
2  examination, Raleigh testified that she was present pursuant to a subpoena.  In the appellate brief,
3  petitioner argued that trial counsel was ineffective in his defense theory of discrediting the mother.
4  Part of the argument was that counsel should not have called only one witness, and one who could
5  have been discredited with only one question.  The facts and the legal theory were before the
6  Nevada Supreme Court.  Issue 3 is exhausted.

Issue 4 is a claim that trial counsel provided ineffective assistance because he gave specious testimony at the state habeas corpus evidentiary hearing about how much time he spent preparing for trial.  In his his second state habeas corpus appellate brief, petitioner expressed disbelief that trial counsel actually spent as much time as trial counsel testified that he spent.  Ex. 145, at 19-20, 40-42 (#22).  However, petitioner did not raise the issue as a separate claim of ineffective assistance of counsel, as he appears to be doing in his federal petition.  Issue 4 is unexhausted.

Issue 5 is a claim that trial counsel failed to file pre-trial motions.  Petitioner describes the motions in two separate sections of his petition (#1), at pages 120 and 149.  Petitioner described the same motions in his second state habeas corpus appellate brief.  Ex. 145, at 15, 29 (#22).  In its order of affirmance, in the paragraph starting "Third," the Nevada Supreme Court outlined some of the things that petitioner argues counsel should have done, including requesting a psychological evaluation on the victims.  Ex. 149, at 3-4 (#22).  The psychological-evaluation motion is one of the motions mentioned in petitioner's second state habeas corpus appellate brief.  Given that the Nevada Supreme Court specifically noted the psychological-evaluation motion, and given that the Nevada Supreme Court considered the argument that counsel failed to file the motion as part of petitioner's claim of ineffective assistance of counsel, then the Nevada Supreme Court could not have failed to notice the other motions that petitioner argued trial counsel should have filed. Petitioner fairly presented issue 5 to the Nevada Supreme Court, and it is exhausted.

Issue 6 is a claim that trial counsel provided ineffective assistance because trial counsel failed to obtain the medical records of the victim's mother.  Petitioner argues that he presented this issue to the Nevada Supreme Court at pages 12-19 of his second state habeas corpus appellate brief. Respondents note correctly that nowhere in those pages does petitioner allege that counsel failed to

request the mother's medical records. Respondents also note correctly that those pages are the statement of facts of the appellate brief. Even if petitioner did mention something about the mother's medical records in the statement of facts, that passing mention would not be sufficient to have presented the issue to the Nevada Supreme Court. Wood v. Ryan, 693 F.3d 1144, 1121 (9th Cir. 2012), cert. denied, 134 S. Ct. 239 (2013). In the body of argument in the second state habeas corpus appellate brief, petitioner did note that his wife told him that the victim's mother took mental-health medications, but that allegation would not have placed the Nevada Supreme Court on notice of a claim that trial counsel should have requested the mother's psychological records. Issue 6 is unexhausted.

Issue 7 is a claim that trial counsel failed to use available impeachment evidence against the prosecution's witnesses. Petitioner presents a long list of statements by witnesses at various locations and proceedings. Petition, at 126-40 (#1). Petitioner presented a similar list in his first state habeas corpus appellate brief. Ex. 103, at 38-45 (#21). However, petitioner did not present any such list to the Nevada Supreme Court in his second state habeas corpus appellate brief, after remand. Petitioner instead argued that the district court could not have read the state habeas corpus petition, because there were at least 80 inconsistencies listed in that petition. Ex. 145, at 20. Nevada does not allow incorporation by reference into appellate briefs. Nev. R. App. P. 28(e)(2). Petitioner did not allege the operative facts within the four corners of his appellate brief, and thus issue 7 is unexhausted. See Baldwin v. Reese, 541 U.S. 27, 32 (2004); Castillo v. McFadden, 399 F.3d 993, 999-1000 (9th Cir. 2005).

Issue 8 is a claim that trial counsel provided ineffective assistance because trial counsel did not challenge the allegation that petitioner abused the victim in the house of Bob Farnum, petitioner's father. Petition at 154-55 (#1). Petitioner names witnesses, describes what each witness's testimony would have been, and argues that counsel did not present this information because he also was representing Bob Farnum on child-pornography charges and thus had a conflict of interest. The first state habeas corpus appellate brief had a similar argument, regarding a failure to investigate. Ex. 103, at 29-31. The Nevada Supreme Court remanded for an evidentiary hearing. On the appeal from the denial of the state petition after the evidentiary hearing, petitioner did not

present a distinct argument in the brief. See Ex. 145, at 32 (". . . including various witness statements that could negate the sexual acts alleged to have occurred at Robert Farnum's house, his race car trailer and his motor home."). This is nowhere near the particularity that petitioner presents in the petition. Petitioner has not presented the operative facts to the Nevada Supreme Court, and issue 8 is unexhausted.

The petition (#1) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted issues 1, 2, 4, 6, 7, and 8, and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust issues 1, 2, 4, 6, 7, and 8, or he may move to stay this action while he returns to state court to exhaust issues 1, 2, 4, 6, 7, and 8. If petitioner chooses the second option, the court makes no assurances about the timeliness of a subsequently filed federal habeas corpus petition. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#27) is **GRANTED** in part with respect to issues 1, 2, 4, 6, 7, and 8.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss issues 1, 2, 4, 6, 7, and 8 of his petition (#1), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition (#1) to return to state court to exhaust his state remedies with respect to the claims set out in issues 1, 2, 4, 6, 7, and 8 of his petition (#1), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in issues 1, 2, 4, 6, 7, and 8 of his petition (#1). Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (#1) and proceed on the remaining grounds, respondents shall file and serve an

answer or other response to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds. If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED: March 24, 2015.

_____
ANDREW P. GORDON
United States District Judge