# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN MICHAEL FARNUM,

    Petitioner,

vs.

ROBERT LeGRAND, *et al.*,

    Respondents.

2:13-cv-01304-APG-PAL

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by John Michael Farnum, a Nevada prisoner. On August 7, 2014, respondents filed a motion to dismiss in response to Farnum's habeas petition. ECF No. 27. This court granted that motion, in part, finding that several of Farnum's claims were unexhausted. ECF No. 32. The court gave Farnum the following choices: (1) inform this court in a sworn declaration that he wishes to dismiss his unexhausted claims and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition to return to state court to exhaust his state remedies with respect to his unexhausted claims or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to his unexhausted claims. *Id.*

In response to that order, Farnum has filed a motion for a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). ECF No. 35.

In *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), the Ninth Circuit held that in addition to the stay procedure authorized in *Rhines v. Weber*, 544 U.S. 269 (2005), district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in *Kelly*. Pursuant to that procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. *Kelly*, 315 F.3d at 1070–71. Unlike the procedure for a stay under *Rhines*, the *King/Kelly* stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

The respondents do not oppose Farnum's motion for a *Kelly* stay, "as long as Farnum is cognizant, and cautioned, that any claims that he dismisses now will likely be untimely when he returns to federal court if they do not relate back to the claims that remain in his petition." ECF No. 36. A petitioner seeking to avail himself of the *Kelly* three-step procedure must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141–43.

Because Farnum, who has benefit of counsel in this action, has filed no reply to respondents' response, this court is left at assume that he wishes proceed with a *Kelly* stay despite this warning. Accordingly, his motion shall be granted.

**IT IS THEREFORE ORDERED** that petitioner's amended motion to amend and for stay pending exhaustion of state remedies (ECF No. 35) is GRANTED. His initial motion to amend and for stay (ECF No. 34) is DENIED as moot.

**IT IS FURTHER ORDERED** that petitioner shall have **twenty (20) days** from the date this order is entered within which to file an amended petition containing only exhausted claims.

**IT IS FURTHER ORDERED** that, upon the filing of an amended petition containing only exhausted claims, this court shall stay this action and hold it in abeyance until the conclusion of petitioner's state-court litigation.

Dated this 19th day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE