1

2

3

4

5

6

7        **UNITED STATES DISTRICT COURT**

8              **DISTRICT OF NEVADA**

9

10

JOHN MICHAEL FARNUM,                    )
                                        )
11            Petitioner,               )        2:13-cv-01304-APG-PAL
                                        )
12    vs.                               )        **ORDER**
                                        )
13    ROBERT LeGRAND , *et al.*,         )
                                        )
14            Respondents.              )
                                        /
15

16        In this habeas corpus action, the petitioner, John Michael Farnum, has filed a motion seeking

17   clarification of this court's order granting in part respondents' motion to dismiss (ECF No. 32).  ECF

18   No. 41.  Specifically, Farnum asks the court to explain why, in that order, it did not address the

19   exhaustion status of eleven of his nineteen habeas claims.

20        As respondents point out in responding to Farnum's motion (ECF No. 42), the court

21   addressed only those claims that the respondents sought to dismiss on exhaustion grounds.  The

22   claims that this court identified as unexhausted are as follows:

23        (1)   appellate counsel provided ineffective assistance by raising a "specious" Eighth
                Amendment claim on direct appeal;
24
          (2)   trial counsel was operating under a conflict of interest because trial counsel
25              previously had represented Bob Farnum, petitioner's father, on charges of sexual
                offenses;
26

1        (3)     trial counsel provided ineffective assistance because he gave specious testimony at the state habeas corpus evidentiary hearing about how much time he spent preparing for trial;

(4)     trial counsel provided ineffective assistance because trial counsel failed to obtain the medical records of the victim's mother;

(5)     trial counsel failed to use available impeachment evidence against the prosecution's witnesses; and

(6)     trial counsel provided ineffective assistance because trial counsel did not challenge the allegation that petitioner abused the victim in the house of Bob Farnum, petitioner's father.

ECF No. 32, p. 3-6. The court concluded that respondents' arguments claiming that Farnum failed to exhaust two other claims were without merit. *Id.*

Although this court may consider *sua sponte* whether the petition contains unexhausted claims, it is not required to so. *See Granberry v. Greer*, 481 U.S. 129, 133-34 (1987) (holding that federal court may raise exhaustion *sua sponte* when State inadvertently neglected to raise defense if interests of justice would be served). The respondents' omission of Farnum's remaining claims from their motion to dismiss suggests that they view those claims as exhausted, but Farnum is cautioned that the exhaustion requirement must be expressly waived (28 U.S.C. § 2254(3)). Lastly, this court has no control over which claims Farnum chooses to present to state court now that this proceeding is stayed. That is matter left to his discretion.

**IT IS THEREFORE ORDERED** that petitioner's motion for clarification (ECF No. 41) is GRANTED as set forth above.

Dated this 13th day of October, 2015.

_____
UNITED STATES DISTRICT JUDGE