# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MICHAEL FARNUM, | Case No.: 2:13-cv-1304-APG-PAL |
| Petitioner, | **ORDER** |
| v. | |
| ROBERT LeGRAND, et al., | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by John Michael Farnum, a Nevada prisoner. The respondents have moved to dismiss, arguing that (1) Farnum's habeas petition is not properly verified and (2) his previously unexhausted claims are now untimely and procedurally defaulted. ECF No. 58.

**I. BACKGROUND**

On August 7, 2014, the respondents moved to dismiss Farnum's initial habeas petition. ECF No. 27. I granted that motion, in part, finding several of Farnum's claims were unexhausted. ECF No. 32. I gave Farnum the following choices: (1) file a sworn declaration that he wishes to dismiss his unexhausted claims and proceed only on the remaining grounds for relief, (2) file a sworn declaration that he wishes to dismiss his petition to return to state court to exhaust his state remedies with respect to his unexhausted claims, or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to his unexhausted claims. *Id*.

In response to that order, Farnum filed a motion for a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). ECF No. 35. I granted that motion on June 19, 2015, conditioning the stay on Farnum filing an amended habeas petition setting forth only exhausted claims. ECF No.

37, p. 3.  Farnum filed an amended petition (ECF No. 38), and on July 10, 2015 I stayed the proceedings in this case pending Farnum's exhaustion of claims in state court. ECF No. 39.

On January 2, 2018, I granted Farnum's motion to lift the stay and directed him to file an amended petition. ECF No. 52.  On January 29, 2018, the filed his second amended petition (ECF No. 53), which is the subject of the respondents' motion to dismiss.

**II. TIMELINESS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1).  The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id.* Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Unlike the proper filing of an application for state habeas corpus relief, the filing of a petition for federal habeas corpus relief does not toll AEDPA's limitation period. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).  Also, if a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).  In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414 (citation omitted).  Also, once a state post-conviction proceeding pursuant a properly filed application has concluded, the statutory time period resumes running.

Claims included in an amended petition filed beyond the one-year statutory period will be deemed untimely unless they relate back to a timely-filed petition. *See Mayle v. Felix*, 545 U.S.

644, 655 (2005) (confirming that Federal Rule of Civil Procedure 15 applies to habeas actions). In *Mayle*, the Supreme Court held that an amended claim in a habeas petition relates back for statute of limitations purposes only if it shares a "common core of operative facts" with claims contained in the original petition. *Id.* at 663-64. The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence," for the purposes of Fed. R. Civ. P. 15(c), will consist of each separate set of facts that supports a ground for relief. *Id.* at 661.

The respondents argue that the claims I determined to be unexhausted prior to issuing a stay must be dismissed as untimely unless Farnum can demonstrate that they relate back to timely-filed exhausted claims. Those six claims are described in my March 24, 2015 order. ECF No. 32, p. 3-6. My order granting Farnum's request for a stay included the following:

> The respondents do not oppose Farnum's motion for a *Kelly* stay, "as long as Farnum is cognizant, and cautioned, that any claims that he dismisses now will likely be untimely when he returns to federal court if they do not relate back to the claims that remain in his petition." ECF No. 36. A petitioner seeking to avail himself of the *Kelly* three-step procedure must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King [v. Ryan*, 564 F.3d 1133, 1141–43 (9th Cir. 2009)].
>
> Because Farnum, who has benefit of counsel in this action, has filed no reply to respondents' response, this court is left at assume that he wishes to proceed with a *Kelly* stay despite this warning. Accordingly, his motion shall be granted.

ECF No. 37, p. 2.

Notwithstanding this cautionary language, Farnum filed an amended petition omitting the unexhausted claims (ECF Nos. 38, 40) and, after litigating a motion for clarification (ECF Nos. 41-43), brought a post-conviction action in state court (ECF No. 44). The Nevada courts determined that Farnum's state post-conviction petition was procedurally barred as untimely and successive. ECF No. 53-2, p. 240-46.

3

Farnum now argues that *Mayle* does not apply here because his current amended petition does not include any claims that were not included "in his original, timely filed petition." ECF No. 61, p. 5. This argument misconstrues the nature and purpose of the *Kelly* stay. By choosing the *Kelly* procedure, Farnum was excused from the requirement imposed in *Rhines v. Weber,* 544 U.S. 269 (2005) that a petitioner show good cause for his failure to exhaust state court remedies. *See King*, 564 F.3d at 1135. The trade-off, however, is that "the *Kelly* procedure, unlike the *Rhines* procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." *Id*. at 1141. That his recently-exhausted claims appeared in his original petition does not establish relation-back for Farnum because they were unexhausted at the time of filing. *See id*. at 1142 ("The only sensible interpretation of *Mayle* is that it requires new claims to relate back to claims properly contained in the original petition -- that is, those claims that were exhausted at the time of filing.").

Farnum also argues that he is excused from demonstrating relation-back for the claims in question because the respondents have not "outlin[ed] exactly which counts, if any, are not subject to the relation back principle authorized by the Federal Rules of Civil Procedure." ECF No. 61, p. 6. This argument is more persuasive and is consistent with my ruling when presented with the same issue in a prior case. *See Redeker v. Neven*, No. 2:12-CV-00397-APG, 2014 WL 953553, at *4 (D. Nev. Mar. 11, 2014) (rejecting the respondents' timeliness argument because it "fails to provide any analysis demonstrating that any particular ground of the second amended petition does not relate back to the original petition"). While the respondents provide some authority to the contrary (ECF No. 62, p. 2-3), I decline to address this issue at length because the claims at issue here are procedurally defaulted and will be dismissed on that basis.

/ / / /

4

## III. PROCEDURAL DEFAULT

A federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The Court in *Coleman* stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995). A state court's decision is not independent" if the application of a state's default rule depends on a consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). Also, if the state court's decision fails "to specify which claims were barred for which reasons," the Ninth Circuit has held that the ambiguity may serve to defeat the independence of the state procedural bar. *Valerio v. Crawford*, 306 F.3d 742, 775 (9th Cir. 2002); *Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003).

A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted). In *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003), the court of appeals announced a burden-shifting test for analyzing adequacy. Under *Bennett*, the state carries the initial burden of adequately pleading "the existence of an independent and adequate state

procedural ground as an affirmative defense." *Id*. at 586. The burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* Assuming the petitioner has met his burden, "the ultimate burden" of proving the adequacy of the state bar rests with the state, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id*.

As noted above, the Nevada courts determined that the post-conviction petition Farnum brought during this court's stay and abeyance of proceedings was procedurally barred as untimely and successive. ECF No. 53-2, p. 240-46. The Ninth Circuit has held that the Nevada court's application of the timeliness rule in Nev. Rev. Stat. § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit has also held that, at least in non-capital cases, application of the abuse of the writ rule of NRS § 34.810(2) is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999).

Farnum has offered no argument or authority challenging the adequacy of either bar. Because he has not carried his burden under *Bennett*, I find that the Nevada court's application of Nev. Rev. Stat. § 34.726 and Nev. Rev. Stat. § 34.810, as procedural bars, was an independent and adequate ground for the state court's dismissal of Farnum's claims. In addition, Farnum has made no showing of cause and prejudice, nor has he established that failing to consider any of the claims would result in a fundamental miscarriage of justice.

Thus, the following claims, as identified in my prior order (ECF No. 32), are dismissed as procedurally defaulted:

> Claim that appellate counsel provided ineffective assistance by raising a "specious" Eighth Amendment claim on direct appeal. ECF No. 53, p. 70.
>
> Claim that trial counsel was operating under a conflict of interest because trial counsel previously had represented Bob Farnum, petitioner's father, on charges of sexual offenses. *Id*. at 90, 96 n. 28, 108 n.31, 109, 156-578, 162-164, 174.
>
> Claim that trial counsel provided ineffective assistance because he gave specious testimony at the state habeas corpus evidentiary hearing about how much time he spent preparing for trial. *Id*. at 106-13.
>
> Claim that trial counsel provided ineffective assistance because trial counsel failed to obtain the medical records of the victim's mother. *Id*. at 124.
>
> Claim that trial counsel failed to use available impeachment evidence against the prosecution's witnesses. *Id*. at 129-45.
>
> Claim that trial counsel provided ineffective assistance because trial counsel did not challenge the allegation that petitioner abused the victim in the house of Bob Farnum, petitioner's father. *Id*. at 157-58.

## IV. VERIFICATION

The respondents contend Farnum's petition should be dismissed without prejudice because it is not properly verified. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires a petitioner to sign and verify the habeas corpus petition. *See* Rule 2; 28 U.S.C. § 2254 (petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242"); 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). Farnum did not sign or verify the second amended petition.

As the respondents argue, the purpose of the verification requirement is to ensure the petitioner has authorized the petition and has "been fully informed of the claims raised in the

petition." *Deutscher v. Angelone*, 16 F.3d 981, 984 (9th Cir. 1994). Despite the verification requirement, however, the mere failure to sign the petition does not rebut the presumption that a petitioner has been fully informed of, and has consented to, claims raised in the petition. *Lucky v. Calderon*, 86 F.3d 923, 925 (9th Cir.1996). In addition, "the defect is one that the district court may, if it sees fit, disregard." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.1990). Here, the second amended petition was filed in order to re-incorporate newly-exhausted claims back into the petition. Because Farnum signed and verified the initial petition (ECF No. 1, p. 10), which the second amended petition essentially duplicates, the purpose of the rule has been satisfied. Thus, I excuse the absence of Farnum's formal verification of the second amended petition.

IT THEREFORE ORDERED that respondents' motion to dismiss **(ECF No. 58) is GRANTED in part and DENIED in part**. The issues identified above are dismissed as procedurally defaulted.

IT IS FURTHER ORDERED that the respondents shall file an answer to the remaining claims in the second amended petition (ECF No. 53) by **April 9, 2019**. To the extent they have not done so already, the respondents shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Farnum shall have 45 days from the date on which the answer is served to file a reply.

Dated: February 22, 2019.

                                             ANDREW P. GORDON
                                             UNITED STATES DISTRICT JUDGE