# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| John Michael Farnum,<br><br>　　　　Petitioner<br><br>v.<br><br>Robert LeGrand, *et al.*,<br><br>　　　　Respondents | Case No.: 2:13-cv-01304-APG-BNW<br><br>**Order Denying Remanded Claim**<br><br>[ECF No 82] |

In October 2022, the United States Court of Appeals for the Ninth Circuit issued a Memorandum remanding this habeas case to this court to evaluate petitioner John Michael Farnum's claim that his counsel was ineffective "for failing to request a *Miller* hearing[1] to challenge alleged prior false allegations by the primary victim, A.R." ECF No. 82 at 4 (footnote added). The Memorandum instructs that

> [i]n addition to (or instead of) addressing the merits, the district court should consider whether this claim is within the scope of Petitioner's Second Amended Habeas Petition; whether it was waived; whether Petitioner has exhausted this claim in state court; and whether the claim is procedurally barred (including whether the government waived a procedural bar defense and whether any exceptions to procedural bar apply).

*Id*. (citations omitted). After considering the parties' briefing on these issues, I conclude that the claim is exhausted but fails on the merits.

---

[1] As explained later in this order, a *Miller* hearing is required before a defendant in Nevada is allowed to cross-examine a complaining witness about the witness's prior false accusations of sexual assault.

A.  Scope of the petition.

In his second amended habeas petition, Farnum claimed he was deprived of effective assistance of counsel because his trial counsel failed to present evidence of prior or contemporaneous false accusations of sexual abuse. ECF No. 53 at 93-102.  In denying the claim, I focused on accusations made by A.R.'s mother, Monica. ECF No. 76 at 6-8.  My denial of that claim was affirmed on appeal. ECF No. 82 at 2-4.

I did not address a claim that Farnum's counsel was ineffective for failing to request a *Miller* hearing to challenge alleged prior false allegations by A.R. because, based on the parties' filings, it did not appear to be an issue before me.  In response to Farnum's second amended petition, the respondents argued that a *Miller* hearing would not have benefited Farnum because his habeas claim "appears to be aimed at A.R.'s *mother* making false allegations of A.R. being abused," whereas "*Miller* applies to an *alleged victim* having made prior false allegations," so "*Miller* would only apply to A.R. having made prior false allegations, not her mother." ECF No. 70 at 9 (emphasis in the original, citation omitted).  In his reply, Farnum did not contest this point by contending that he had, in fact, raised an ineffective assistance of counsel (IAC) with respect to counsel's failure to pursue a *Miller* hearing in relation to A.R.'s prior accusations. ECF No. 74. Instead, Farnum argued that "Monica's prior accusations, taken as false, fall squarely under *Miller*." *Id*. at 13.

On remand, Farnum "concedes that his Petition is verbose and may not always be clear," but contends that "it nevertheless adequately [presents a claim] that counsel was ineffective for failing to seek a *Miller* hearing to impeach A.R.'s credibility before the jury." ECF No. 91 at 14. Unfortunately, the petition does not comply with Rule 2(c) and Rule 2(d) of the Rules Governing Section 2254 Cases (Habeas Rules).  Habeas Rule 2(c) requires a habeas petition to specify all

2

grounds for relief sought, state the facts supporting each ground, and state the relief requested. Habeas Rule 2(d) requires the petitioner to "substantially follow" a form petition that requires each ground for relief to be individually numbered and pleaded. *See* Habeas Rules, Appendix of Forms.  Farnum's second amended petition contains lengthy sections of factual allegations and lengthy sections of legal argument referencing factual allegations, but very few clearly delineated grounds for relief. ECF No. 53.  For the most part, the reader is required to formulate individual grounds for relief based on allegations spread throughout the petition. *See* Habeas Rule 2, Advisory Committee Notes, 1976 Adoption (explaining that the form petition requirement was adopted to eliminate disorganized petitions that "were submitted to judges who had to spend hours deciphering them").

That said, I find that the petition contains a claim that counsel was ineffective for failing to request a *Miller* hearing to challenge alleged prior false allegations by the primary victim, A.R.  Farnum's petition consists entirely of claims that he was deprived of effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).  While it is not clear what specific instances of false accusations Farnum is referring to, the petition alleges that "[t]rial counsel filed no *Miller* hearing, which if successful, would have permitted trial counsel to confront the complainant and the complainant's mother, Monica Zahniser, with these unsubstantiated allegations." ECF No. 53 at 81.  The petition also asserts that "Petitioner's trial counsel requested no *Miller* hearing even though he had ample evidence of prior uncharged allegations that had been made to impeach the complainant and the outcry witness with." *Id*. at 83.  Finally, the petition contains a section entitled, "Ineffective for Failure to Present Evidence of Prior or Contemporaneous False Accusations of Sexual Abuse," that includes a discussion of the *Miller* procedure and refers to "prior false allegations made by Monica and A.R." *Id*. at 94-102.  Having

concluded that the claim at issue is within the scope of petition, I must next determine whether the claim has been waived.

B.  Exhaustion.

A habeas petitioner challenging a state court judgment of conviction is required to exhaust all available state court remedies before seeking relief through a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is a matter of comity intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted).  "To provide the State with the necessary 'opportunity,' the [petitioner] must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (citing *Duncan v. Henry*, 513 U.S. 364, 365–366 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In order to "fairly present" an issue to a state court, a petitioner must "present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir.2009).  The petitioner bears the burden to prove a claim has been properly exhausted. *Lambrix v. Singletary*, 520 U.S. 518, 523-24 (1997).

As clarified in Farnum's brief on remand, the claim remaining before me is that effective counsel would have filed a pretrial motion for a *Miller* hearing with respect to A.R.'s false accusations against Farnum's father, Robert Farnum, and Farnum's brother, Billy Farnum. ECF No. 91 at 11-13.  Farnum insists that he exhausted this claim in his first state post-conviction

proceeding. After reviewing his briefs filed with the Supreme Court of Nevada, I conclude that he is correct.

Like his federal petition, Farnum's state appellate briefs are poorly organized with individual IAC claims not clearly delineated. In his first opening brief,[2] Farnum raises broad IAC claims that challenge (1) trial counsel's chosen defense and (2) counsel's failure to conduct an adequate investigation. ECF No. 21-3 at 4. Within the section devoted to the latter, the brief discusses counsel's "failure to file a motion to introduce contemporaneous allegations of sexual assault alleged against Billy Farnum" but mentions only allegations made by Monica, not A.R. *Id*. at 39.[3] The brief then discusses counsel's "failure to file a motion to introduce contemporaneous allegations of sexual assault alleged against Robert Farnum" and mentions "allegations made against him by [A.R.]." *Id*. at 39-40.[4] In his reply brief, Farnum clarified that counsel should have requested a *Miller* hearing with respect to the allegations against Billy and Robert Farnum. ECF No. 21-14 at 19-20.

The Supreme Court of Nevada rejected Farnum's appeal with respect to a claim on which the state district court had held an evidentiary hearing (i.e., a claim that trial counsel was ineffective for giving Farnum Xanax during trial), a claim that was insufficiently pleaded (i.e., a claim that trial counsel was ineffective for failing to call an expert at trial), and a claim that could be resolved on the record (i.e., a claim that trial counsel was ineffective for failing to object to a

---

[2] As explained below, the Supreme Court of Nevada remanded the case for an evidentiary hearing. Thus, Farnun filed two opening briefs in his first state post-conviction proceeding.

[3] The brief's "statement of facts" describes an incident wherein Monica made allegations that Billy was molesting A.R. *Id*. at 24. Nowhere in the brief is there an allegation that A.R. accused Billy of molestation.

[4] The brief's "statement of facts" describes an incident wherein A.R. "accused [Robert Farnum] of having sex with her in a hotel room with her brother present and video taping [sic] it." *Id*. at 23.

5

comment made during the State's opening statement). ECF No. 21-19. For Farnum's claims "that trial counsel was ineffective for failing to present a defense at trial and for failing to investigate," the court determined that the lower court erred in denying the claims without an evidentiary hearing and remanded the case for that purpose. *Id*. at 4.

At the evidentiary hearing on remand, Farnum presented the testimony of his trial counsel (Donald Green), his wife (Elisa Farnum), his father's neighbor (Shirley Grimsley), his sister (Kimberly McEdwards), an acquaintance of Monica (Eva Raleigh), his former sister-in-law (Lynn Raleigh), and himself. ECF Nos. 22-8 through 22-12. The state district court denied relief, and Farnum appealed. In his opening brief after the remand, Farnum refers to A.R.'s allegations regarding Billy and Robert Farnum and the fact that trial counsel had never requested a *Miller* hearing. ECF No. 22-29 at 12-13. The brief also notes trial counsel's failure to compel discovery with respect to the allegations and subsequent investigations. *Id*. at 34. In his reply brief, he faults trial counsel for his failure to investigate and present the "uncharged allegations" against his brother and father "made by the victim." *Id*. at 18.

In affirming the state district court's decision to deny relief, the Supreme Court of Nevada specifically rejected seven IAC claims. ECF No. 22-34. While the court did not discuss counsel's failure to request a *Miller* hearing with regard to alleged prior false allegations by A.R., the issue was fairly presented in Farnum's briefs. Because Farnum provided the Supreme Court of Nevada an initial opportunity to consider and correct the alleged constitutional violation, the claim is exhausted. And because the state court did not "decline[] to reach the issue for procedural reasons," the claim is not procedurally defaulted. *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002).

\ \ \

C. Merits.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), I may not grant a petition on a claim adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). But for any claim not adjudicated on the merits by the state court, my review is de novo. *See Patsalis v. Shinn*, 47 F.4th 1092, 1097–98 (9th Cir. 2022).

Farnum argues that the Supreme Court of Nevada's failure to address the merits of his claim in its decisions means that AEDPA deference does not apply. ECF No. 91 at 13. The Supreme Court of the United States has held, however, that when a state court addresses some but not all of a petitioner's claims, the federal court on habeas review must presume, subject to rebuttal, that the unaddressed claims were adjudicated on the merits, thereby warranting AEDPA deference. *Johnson v. Williams*, 568 U.S. 289 (2013). The presumption can be rebutted in "limited" or "unusual circumstances." *Id*. at 301–02. For example, the presumption does not stand if the federal claim was "rejected as a result of sheer inadvertence." *Id*. at 302–03. To show this, however, "the evidence" must "very clearly" lead to "the conclusion that a federal claim was inadvertently overlooked in state court." *Id*. at 303.

Here, the Supreme Court of Nevada's omission of any discussion of trial counsel's failure to request a *Miller* hearing in relation to A.R.'s false accusations was most likely due to Farnum's poor briefing of the issue rather than "a result of sheer inadvertence." In any case, I need not resolve the deference issue because the claim fails under de novo review.

In Nevada, a complaining witness is subject to cross-examination concerning prior false accusations of sexual assault, provided the defendant is able "to prove by a preponderance of the evidence, in a hearing outside the presence of the jury, that '(1) the accusation or accusations were in fact made; (2) that the accusation or accusations were in fact false; and (3) that the evidence is more probative than prejudicial.'" *Brown v. State*, 166, 807 P.2d 1379, 1380 (Nev. 1991) (quoting *Miller v. State*, 779 P.2d 87, 90 (Nev. 1989)). If the witness denies making the accusations, the defendant "may introduce extrinsic evidence to prove that, in the past, fabricated charges were made." *Miller*, 779 P.2d at 89. Farnum contends that trial counsel would have been able to meet the *Miller* test with respect to A.R.'s false allegations against Robert Farnum and Billy Farnum.

In his state post-conviction proceeding before the district court, Farnum submitted affidavits from Billy Farnum and Robert Farnum. ECF No. 19-19 at 37-43. Billy's affidavit recounts him being informed by a detective from the Las Vegas Metropolitan Police Department that he had been accused by Monica of "committing lewd and lascivious acts" with A.R. *Id*. at 37. After Billy informed him that he had never been alone with either of Monica's children, the detective told Billy that he would contact Monica and get back to him. *Id*. According to the affidavit, the detective called Billy back later to apologize and to tell him that Monica had confirmed what Billy had told him. *Id*. Nowhere in the affidavit does it indicate that A.R. was the source of any accusations. In fact, the affidavit suggests that Monica made the accusation as a part of her personal vendetta against the Farnum family. *Id*. And, according to Farnum's federal habeas petition, Monica made allegations of A.R. being sexually abused by several people other than Billy and Robert, including A.R.'s father, a former babysitter, and Monica's mother's boyfriend. ECF No. 53 at 14, 17-20.

Unlike Billy's affidavit, Robert's affidavit mentions allegations made by A.R. ECF No. 19-19 at 40. However, the affidavit is very vague on this subject, making only brief references to A.R.'s allegations that he videotaped an "act of sexual contact" with her, and to A.R. providing investigators with an erroneous description of his ejaculate. *Id*. According to the affidavit, a search warrant was executed on his "entire property," but a videotape "was never found, because it never existed." *Id*. at 40-41. Despite being provided with an evidentiary hearing, Farnum failed to present testimony to develop or substantiate these allegations.[5] Robert was not called as a witness even though he attended the hearing. ECF No. 22-9 at 44. This failure prevents me from considering new evidence to support Farnum's claim. *See* 28 U.S.C. § 2254(e)(2) (providing that if a prisoner "has failed to develop the factual basis of a claim in State court proceedings," a federal court may hold "an evidentiary hearing on the claim" in only two limited scenarios (neither of which applies here)). And even if I could, Farnum has proffered no new evidence.

Given the sparse evidence in the record, Farnum has not established a reasonable probability that trial counsel could have successfully challenged alleged prior false allegations by A.R. by availing himself of the *Miller* procedure. *See Strickland*, 466 U.S. at 694. In addition,

---

[5] Farnum suggests that counsel's failure to pursue a *Miller* motion was no longer an issue before the state district court when it conducted the evidentiary hearing "because that claim had previously been denied by the state district court and had not been the subject of the state supreme court's remand." ECF No. 91 at 8. He concedes, however, that the state district court had "summarily denied" his petition without addressing his individual claims. *Id*. at 7 (citing ECF No. 21-17). Farnum is correct that the stated purpose of the Supreme Court of Nevada's remand was to address his claims "that trial counsel was ineffective for failing to present a defense at trial and for failing to investigate." ECF No. 21-19 at 4. However, the Supreme Court of Nevada subsequently recognized seven distinct IAC claims within these two broader claims, including a claim premised in part on counsel's alleged failure to exploit Monica's "false allegations of sexual abuse." ECF No. 22-34 at 6. The record does not support a finding that Farnum was not permitted to present evidence at the evidentiary hearing regarding A.R.'s alleged prior false allegations.

Farnum's trial counsel testified at the evidentiary hearing that he did not call Robert's daughter, Kim McEdwards, as a witness because he learned before trial that Kim's mother had accused Robert of having sexually abused Kim. ECF No. 22-9 at 40-45.  He also learned that the federal government was investigating Robert for violations of federal child pornography laws. *Id*.  Trial counsel testified that there were "too many problems" with the Farnum family that "needed stay out of this trial" and that "[he] did not want to bring anymore family dynamics and issues into it." *Id*. at 46.  Thus, trial counsel had a valid strategic reason for not raising A.R.'s allegations against Robert as an issue in the case. *See Strickland*, 466 U.S. at 690.

In sum, Farnum has failed to establish that he was deprived of effective assistance of counsel due to his trial counsel's failure to request a *Miller* hearing to challenge alleged prior false accusations by the primary victim, A.R.

I THEREFORE ORDER that the claim remanded by the Ninth Circuit's Memorandum (ECF No. 82)—i.e., that trial counsel was ineffective for failing to request a *Miller* hearing to challenge alleged prior false allegations by the primary victim, A.R.—is DENIED.  The Clerk of Court is directed to enter judgment accordingly and close this case.

I FURTHER ORDER that a certificate of appealability is denied as jurists of reason would not find my decision to be debatable or incorrect.

Dated: April 29, 2024

_____
U.S. District Judge Andrew P. Gordon